PHILIP LOVEJOY *vs.* THOMAS DOLAN.

The Rev. Sts. c. 51, requiring travellers meeting each other "seasonably to drive to the right," does not apply when one vehicle is passing along one street, and another is turning in to said street from a cross street.

THIS is an action to recover damages for an injury done to a coach of the plaintiff by a collision with the wagon of the defendant. At the trial, in the court of common pleas, before *Byington*, J. the evidence tended to show that the defendant was driving a covered wagon down Tyler street in Boston, on the right side of said street; and as he was turning into Beach street, which was at right angles with Tyler street, the plaintiff's servant driving his coach from the depot of the Worcester railroad toward Washington street, the left or nigh shaft of the wagon struck the coach and caused the injury complained of. The evidence tended to show that at the time of the collision, the plaintiff's coach was not at the right of the middle of the travelled part of Beach street, and the defendant contended that if the jury should so find, this action could not be maintained; and requested the presiding judge, so to rule. But the judge declined so to rule, and instructed the jury that the provisions of the Rev. Sts. c. 51, did not apply, where, as in this case, one vehicle is passing along one street and another is turning into said street from another

street, but only where the vehicles meet in passing on the same street; but that the position of the plaintiff's coach might be considered by them as a circumstance bearing upon the question of negligence on the part of the plaintiff or his driver, and it was a question upon the whole evidence for the jury to determine whether the plaintiff was without fault, and whether the injury resulted wholly from the fault of the defendant; if it did so, and the plaintiff was not in fault, he would be entitled to recover, otherwise he would not.

The jury having returned a verdict for the plaintiff, the defendant excepted.

*F. Hilliard,* for the defendant.

*J. F. Woodside,* for the plaintiff.

BIGELOW, J. The single point raised by the bill of exceptions in this case is, whether the court of common pleas were correct in instructing the jury that the provisions of Rev. Sts. *c.* 51, § 1, commonly called "the law of the road," do not ap ply to a case where one vehicle is passing along a street, and another is turning into the same street from a cross road or way intersecting it, but are applicable only where vehicles meet in passing each other on the same street.

Upon a careful consideration of the words of the statute, as applied to the subject-matter, we are of the opinion that this instruction was right. A person travelling upon a highway or street, may well use any portion of the travelled part, except in the case of meeting another traveller, when the statute requires that he should turn to the right. He is not obliged to keep on the right rather than on the left side, unless he is about to meet and pass another vehicle. *Parker* v. *Adams,* 12 Met. 415, 419. The statute itself, by requiring persons to turn to the right in this contingency, recognizes the right to travel upon any part of the road at other times. Until a person sees a traveller approaching, he is, therefore, in the exercise of a legal right in travelling on the left side of the road. It is only when the prescribed contingency arises that he is obliged "seasonably to drive to the right." It is quite obvious that he cannot do this, unless he can first seasonably see the approaching vehicle, which he cannot do, when it is approach-

ing from a side or cross street. Such, certainly, would be the case in all large towns and cities, and in other places, where buildings, trees, or other objects obstruct the view from one street or road to another. To hold, therefore, that the statute was applicable in such cases, would be to require of travellers an impossibility. Being rightfully on the left side of the road, it would compel them to turn seasonably to the right before they had the opportunity of knowing that they were required to do so.

The language of the statute manifestly has reference only to the meeting of persons travelling on the same highway. The terms " meet " and " pass " are used in their strict sig-nification, and are intended to apply only where travellers are approaching each other from opposite directions, intending to pass on the same road. They cannot with accuracy be said to meet and pass, when they come together in different direc-tions from two roads or streets which intersect each other. The same terms would apply with equal accuracy to the case of one vehicle overtaking and passing another going in the same direction, to which it is very clear the statute does not apply.

Besides : the language of the statute, " that whenever any persons shall meet each other on any road, &c., each per-son shall seasonably drive, &c. to the right of the middle of the travelled part of such road," clearly contemplates only one road upon which travellers are coming towards each other from opposite directions. The statute was designed to pre-scribe a clear, well defined rule, applicable only to one par-ticular case or contingency. The rights of parties travelling on highways, in all other respects, are left to be governed by the salutary rules of the common law, which are abun·dantly sufficient to afford to the careful traveller a complete and adequate remedy for any injury which he may suffer by reason of the carelessness of others.

The case of *Fales* v. *Dearborn*, 1 Pick. 345, cited and relied upon by the defendant, has already been partially overruled in *Parker* v. *Adams, ubi supra.* It is sufficient to say that the point here raised and decided was not determined by the court in that case.                               *Exceptions overruled.*